IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHELLE SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>DENNIS B. JAFFE, D.M.D., P.C. and DENNIS B. JAFFE,<br><br>    Defendants. | CIV. ACTION NO. |

## **COMPLAINT**

### **INTRODUCTION**

Plaintiff, by and through the undersigned counsel, brings this complaint for damages and other relief against Defendants and states and alleges as follows:

### **PARTIES**

1.  Plaintiff Michelle Smith is a resident of Atlanta, Georgia.

2.  Defendant Dennis B. Jaffe, D.M.D., P.C. ("Defendant Jaffe Dentist Office") is a domestic Georgia corporation with its principal office address, as recorded with the Georgia Secretary of State, being 98 Broad St SW, Atlanta, Georgia 30303-3412.

3. Defendant Dennis B. Jaffe is Chief Executive Officer and owner of Defendant Jaffe Dentist Office.

4. Defendant Dennis B. Jaffe is the registered agent for Defendant Jaffe Dentist Office.

5. Defendant Jaffe Dentist Office may be served with the summons and the complaint in this civil action by service upon its registered agent, Defendant Jaffe, at 98 Broad St SW, Atlanta, Georgia 30303-3412.

## JURISDICTION AND VENUE

6. Plaintiff brings this action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for failure to pay overtime compensation at the proper rate as required by the FLSA, and, therefore, this Court has original jurisdiction over this case based on 28 U.S.C. § 1331.

7. Under 28 U.S.C. § 1391, venue is proper in the United States District Court for the Northern District of Georgia because: (1) all of the Defendants reside within the state of Georgia, and at least one Defendant resides within the Northern District of Georgia and (2) a substantial part of the events or omissions giving rise to Plaintiff's claims, as described in this complaint, occurred within the Northern District of Georgia.

8. Defendant Jaffe Dentist Office is a provider of dentistry services to the general community, including caps, fillings, and cosmetic dentistry.

9. In the three years prior to the filing of this complaint, Defendant Jaffe Dentist Office has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

10. In the three years prior to the filing of this complaint, the Defendants have been and continue to be "employers" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

11. For example, on information and belief, Defendants have performed procedures on patients who reside out of the state of Georgia.

12. As another example, Defendants purchase, receive, and use products from out of state, including but not limited to dental tools, dental fixtures, dental appliances, crowns, bridges, dentures, and other items used by the Defendants in their dentist practice.

13. On information and belief, Defendant Jaffe Dentist Office has had an annual gross volume of sales made or business done in excess of $500,000.00 for the three years preceding the filing of this complaint.

14. Defendants employed Plaintiff, who was engaged in interstate commerce and/or in the production of goods for commerce.

15. Defendant Jaffe owns and operates Defendant Jaffe Dentist Office.

16. Defendant Jaffe directly and indirectly controls, determines, and directs the day-to-day operations of Defendant Jaffe Dentist Office.

17. Defendant Jaffe directly and indirectly sets Defendant Jaffe Dentist Office payroll, compensation, scheduling, and other employment policies.

18. Defendant Jaffe directly supervised and controlled work schedules and other terms of employment of the Plaintiff when she was employed at Defendant Jaffe Dentist Office.

19. For example, Defendant Jaffe reviewed and approved the weekly schedules of the Plaintiff when she was employed at Defendant Jaffe Dentist Office.

20. As another example, Defendant Jaffe determined the rate and method of payment for the Plaintiff when she was employed at Dennis B. Jaffe, D.M.D., P.C..

21. Defendant Jaffe had the power to hire and fire the Plaintiff when she was employed at Defendant Jaffe Dentist Office.

22. Defendant Jaffe maintains the employment records of the Plaintiff related to her employment at Defendant Jaffe Dentist Office.

23. Defendant Jaffe maintains the wage and hour records of the Plaintiff related to her employment at Defendant Jaffe Dentist Office.

24. Defendant Jaffe has the ultimate power to make binding policy decisions for Defendant Jaffe Dentist Office.

25. Defendant Jaffe was an employer of Plaintiff for the purposes of the FLSA when she worked at Defendant Jaffe Dentist Office.

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIMS**

26. Plaintiff worked at Defendant Jaffe Dentist Office from on or about February of 2008 through April of 2011.

27. Plaintiff was employed as an Insurance Coordinator when she worked at Defendant Jaffe Dentist Office.

28. Plaintiff's initial rate of pay was $16.50 per hour when she worked at Defendant Jaffe Dentist Office.

29. In 2010, Plaintiff's rate of pay increased to $17.50 per hour.

30. Plaintiff was not paid a guaranteed minimum weekly amount of at least $455.00 per week.

31. Instead, Plaintiff was paid on a straight hourly rate basis for her recorded work hours.

32. Plaintiff regularly worked in excess of 40 hours per workweek.

33. However, Plaintiff was not paid the legally required overtime premium rate of 1.5 times herregular hourly rate for all hours worked in excess of 40 hours per workweek.

34. Instead, Plaintiff was paid her straight regular hourly rate for all recorded work hours in excess of 40 hours per workweek.

35. In addition, Defendants regularly suffered and/or permitted Plaintiff to work off the clock, and Plaintiff was not paid at all for those hours worked off the clock.

## COUNT I

### WILLFUL FAILURE TO PAY ALL HOURS WORKED IN EXCESS OF 40 HOURS PER WEEK AT THE REQUIRED OVERTIME RATE IN VIOLATION OF THE FLSA

36. Defendants had a policy and practice of regularly not paying Plaintiff for all hours worked in excess of 40 hours in a workweek at the premium overtime rate of 1.5 times their regular rate, as required by the FLSA.

37. In addition, Defendants suffered and/or permitted Plaintiff to work off the clock and did not pay Plaintiff for off-the-clock hours worked in excess of 40 hours per workweek at the premium overtime rate of 1.5 times their regular rate, as required by the FLSA.

38. Defendants failed to maintain accurate records of Plaintiff's actual work hours.

39. Therefore, Defendants failed to comply with the record-keeping requirements of the FLSA.

40. Defendants' failure to pay Plaintiff 1.5 times her regular rate for all hours worked in excess of 40 hours in a workweek is in violation of the FLSA.

41. Defendants, pursuant to their policies and practices, willfully refused and failed to pay Plaintiff the premium overtime rate for all hours worked in excess of 40 hours per workweek.

42. Defendants lacked reasonable grounds for believing their pay practices comported with the requirements of the FLSA.

43. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

44. Plaintiff seeks damages in the amount of her unpaid overtime wages, liquidated damages as provided under the FLSA, and such other legal and equitable relief as the Court deems proper.

45. Plaintiff also seeks the recovery of her attorney's fees and costs as provided by the FLSA.

46. Defendants were joint employers of Plaintiff when she worked at Defendant Jaffe Dentist Office, and, therefore, Defendants are jointly and severally liable to Plaintiff for her unpaid back wages, liquidated damages, and attorney's fees.

## **PRAYER FOR RELIEF**

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Plaintiff respectfully prays that:

- the Court enter judgment in favor of Plaintiff as to the claim in this complaint;
- the Court enter judgment against Defendants that their violations of the FLSA were willful;
- the Court enter judgment in favor of Plaintiff and award her unpaid overtime wages and liquidated damages in an equal amount as provided for under the FLSA and such other legal and equitable relief as the Court deems proper; and
- the Court grant Plaintiff all other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: June 11, 2012

Respectfully submitted,

s/G. Blake Andrews
Gary Blaylock "Blake" Andrews, Jr.
Georgia Bar No. 019375
Blake Andrews Law Firm, LLC
2221 Peachtree Road NE, Suite X5
Atlanta, GA 30309
Telephone: 770-828-6225
Facsimile: 866-828-6882
blake@blakeandrewslaw.com

s/Jeff Kerr
Jeff Kerr
Ga. Bar No. 634260
jeff@maysandkerr.com

**MAYS & KERR LLC**
229 Peachtree Street
International Tower | Suite 980
Atlanta, GA 30303
Telephone: (404) 410-7998
Facsimile: (877) 813-1845
Attorneys for Plaintiff

John L. Mays
Ga. Bar No. 986574
john@maysandkerr.com