## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is made by and between Michelle Smith, Dennis B. Jaffe, D.M.D., Dennis B. Jaffe, D.M.D., P.C. along with its officers, employees, agents, directors, representatives, successors, assigns, and shareholders, from the case captioned Smith v. Dennis B. Jaffe, D.M.D. & Dennis B. Jaffe, D.M.D. P.C. Jaffe (Case No. 1:12-cv-02010-RWS) filed in the United States District Court for the Northern District of Georgia on June 11, 2012 (the "Lawsuit").

This Agreement is made as a compromise between the Plaintiff and Defendants (collectively, the "Parties") for the complete and final settlement of the claims alleged in the Lawsuit:

## RECITALS

WHEREAS, on Michelle Smith filed a Complaint against Defendants in the Litigation under 29 U.S.C. § 201, et seq. of the Fair Labor Standards Act alleging failure to maintain appropriate time records and a failure to pay compensatory hours worked and overtime compensation by Defendants.

WHEREAS Defendants filed an Answer denying material allegations of Plaintiff's Complaint.

WHEREAS during May 2013, the Parties arrived at an agreement to settle all claims in the Litigation.

1

WHEREAS, Defendant denies liability and seeks to avoid the burden, expense and uncertainty of litigation.

WHEREAS the Parties recognize the outcome in the Litigation subjects all Parties to additional risk, discovery, disruption, time and expense.

WHEREAS in order to determine how best to serve the interests of the Parties, counsel have investigated and evaluated the facts and law relating to the claims asserted in this Litigation, the Plaintiff and her counsel believe the settlement, as provided in this Agreement, is in the best interests of the Plaintiff and represents a fair, reasonable and adequate resolution of the litigation.

NOW THEREFORE the Parties intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENTS

A. In order to resolve the Plaintiff's FLSA claims, Defendants agree to pay to the Plaintiff a total settlement amount of $43,000.00 (Forty-Three thousand dollars), as described further below.

B. Settlement Payment and Taxes:

   i. Defendants shall tender to Plaintiff's counsel an initial payment of $25,000.00 for deposit in his escrow account no later than seven days following complete execution of this Agreement. From the initial

2

$25,000, the sum of $14,560.00 shall be allocated from the settlement of Plaintiff's claim for alleged unpaid compensation and overtime wages and all applicable taxes and other required withholdings shall be deducted from said portion of this amount and a W-2 shall issue to Plaintiff for it. The sum of $440.00 from this initial payment shall be tendered to Plaintiff's counsel as reimbursement for advanced litigation expenses. From the initial payment, another $10,000.00 shall be made out to Plaintiff's Counsel for legal fees.

ii. Should the court approve this Agreement, such funds may be distributed from the initial payment, and Defendants shall thereafter pay the balance of $18,000.00 to Plaintiff's counsel on a monthly basis, beginning with the first month following the court's approval of the Agreement, of $1,000.00 for a period of eighteen (18) months. Each such payment shall be due on the 1st day of each such month and shall be made in two checks, the first check for $600.00 shall be made out to Michelle Smith and the second check for $400.00 shall be made out to Mays & Kerr LLC for legal fees. Such checks shall be mailed to Plaintiffs' counsel. Defendants shall have the right to accelerate such payments, should they choose to do so.

    iii. The remaining $18,000.00 to be paid in monthly installments shall be designated as "other" income on a Form 1099 and not as "non-employee wages or income."

    iv. Within ten (10) days of full execution of this Agreement, the Parties shall file with the Court all appropriate documents necessary to obtain a final order approving the terms and conditions of this Agreement.

    v. Checks to Plaintiff and Plaintiff's Counsel for the Settlement Payments will be delivered to Plaintiff's Counsel's offices.

C. The Parties will submit to the Court a joint motion for entry of stipulated judgment approving the terms of this Agreement attaching this Agreement as an exhibit thereto. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement.

D. In exchange for the payments set forth above, Plaintiff hereby RELEASES AND FOREVER DISCHARGES Defendants, their former and current officers, agents, attorneys, employees—personally and in their respective capacities and any other person or entity representing or succeeding to any such person or entity claims—with regard to her claim for unpaid overtime wages, liquidated damages, attorney's fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

4

E. The provisions of this Agreement shall not be deemed severable. If this Agreement is not approved by the Court in whole, the Parties agree they will attempt, in good faith, to revise this Agreement and resubmit this Agreement for approval by the Court.

F. The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

G. Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction of the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

H. The Parties intend for any disputes regarding this Agreement to be heard only by the Court.

I. The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia whether any party is or may hereafter be a resident of another state.

J. No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on

behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval.

K. This Agreement shall be binding upon and inure to the benefit of, the Parties and their affiliates, beneficiaries heirs, administrators, executors, successors and assigns.

L. This Agreement shall not be construed to create rights in, grant remedies in, or delegate any duty, obligation or undertaking established herein to any third party as a beneficiary of this Agreement.

M. Defendants are aware of the anti-retaliation provisions of the Fair Labor Standards Act and agree to respect any reference checks regarding Plaintiff's former employment with the company by providing only Plaintiff's dates of service, job title, and separation date.

N. This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing, signed by all Parties and approved by the Court.

O. This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts and execution in counterparts shall have the same force and affect as if the Parties had signed the same instrument.

P. Execution by facsimile shall be deemed effective as if executed in original.

Q. Each person executing this Agreement, including execution on behalf of Defendant corporation, warrants and represents that such person has the authority to do so.

Dennis B. Jaffe, D.M.D.

_____
Dennis B. Jaffe, D.M.D.
Defendant
Date:

Dennis B. Jaffe, D.M.D. P.C.

_____
Dennis B. Jaffe, D.M.D. P.C.
Defendant
Date:

Michele Smith

_____
Michele Smith, Plaintiff

7

Date May 13, 2013

Reviewed and Approved by Counsel:

_____   _____
Jennifer H. Keaton                Jeff Kerr
Counsel to Defendants             Counsel to Plaintiff

Date: 5-21-2013                   Date: May 20, 2013

8